## Johnson v. Mahoning & Shenango Railway and Light Co., Appellant.

*Negligence—Street railways—Accumulation of ice and snow on platform of car—Passenger.*

In an action by a woman against a street railway company to recover damages for personal injuries, the case is for the jury where the plaintiff testifies that at the time of the accident she was a passenger on one of defendant's cars, that when she was about to leave the car she took up her small child in her arms, and as she stepped from the body of the car into the vestibule, a descent of four or five inches, her foot slipped on snow that had become packed and frozen with an uneven surface, causing her to fall; and this is the case although witnesses for the company testify that there was no accumulation of ice or snow, and that the vesti-

bule floor was wet because of melting snow brought in by passen-·
gers during the trip, and that the vestibule had been swept and
kept as clean as could be under the circumstances.

In such a case the plaintiff cannot be convicted of contributory
negligence as a matter of law in carrying her young child in her
arms as she walked from the car to the vestibule. It was for the
jury to determine whether she adopted the most convenient method
of taking the child from the car, and whether it was appropriate
under the circumstances.

Argued May 10, 1915. Appeal, No. 101, April T.,
1915, by defendant, from judgment of C. P. Lawrence
Co., June T., 1912, No. 79, on verdict for plaintiff in case
of Zeb. R. Johnson and Mamie Johnson, his wife, v.
Mahoning and Shenango Railway and Light Company.
Before RICE, P. J.; ORLADY, HEAD, PORTER, HENDERSON,
KEPHART and TREXLER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.
Before PORTER, P. J.

The circumstances of the accident are stated in the
opinion of the Superior Court.

Verdict and judgment for Mamie Johnson for $200,
and for Zeb. R. Johnson for $100.   Defendant appealed.

*Error assigned* was in refusing binding instructions
for defendant.

*C. H. Akens,* of *Akens, Wilkinson, Lockhart & Cham-
bers,* for appellant.—For the defendant company to take
any greater precautions than it did on this day was im-
practicable.   Any snow or ice on the vestibule floor was
removed at each terminal and they were 20 minutes
apart.   Of course some snow would be carried on to the
car by passengers, some might blow on in transit, and
this might be tramped down and become hard and pos-
sibly congeal or freeze.   This would be the result of
weather conditions common in this climate in every
January, well known and unavoidable.   Such circum-

stances occurring while the car was en route is not proof of negligence: Riley v. Rhode Island Co., 29 R. I. 143; Riley v. Rhode Island Co., 15 L. R. A. (N. S.) 523; Fearn v. West Jersey Ferry Co., 143 Pa. 122; Kelly v. Manhattan Ry. Co., 112 N. Y. Court of Appeals 443; Hayman v. Penna. R. R. Co., 118 Pa. 508; Sutton v. Penna. R. R. Co., 230 Pa. 523.

Where one does not look, or voluntarily impedes her view so that she cannot see, and by reason thereof is injured, she cannot recover: Lautenbacher v. Philadelphia, 217 Pa. 318; Holmes v. Union Traction Co., 199 Pa. 229; Scanlon v. Philadelphia Rapid Transit Co., 208 Pa. 195.

*Robert K. Aiken,* for appellee.—It is the duty of railway carriers of passengers before starting a car to remove snow from the steps of the cars, where passengers would be likely to slip upon it in boarding and alighting: Gilman v. Boston, Etc., Ry. Co., 168 Mass. 454; Herbert v. St. Paul City Ry. Co., 85 Minn. 341; Neslie v. Second & Third St. Passenger Ry. Co., 113 Pa. 300; Fleck v. Union Ry. Co., 134 Mass. 480; Meier v. Penna. R. R. Co., 64 Pa. 225.

OPINION BY HENDERSON, J., July 21, 1915:

The refusal of the court to give binding instructions for the defendant and to grant the defendant's motion for judgment non obstante veredicto are the subjects of the second assignment of error. The argument in behalf of the appellant is addressed to the proposition that the evidence did not support the charge of negligence and that the plaintiff's own testimony exhibited a case of contributory negligence. The accident to the plaintiff occurred as she was leaving a street car in the City of New Castle. The day was wintry, it had been snowing from time to time and there were two or three inches of snow on the ground. Mrs. Johnson was ac-

companied by two of her children, the older of which was lifted from the car by the conductor when the car stopped. Mrs. Johnson took the small child in her arms and as she stepped from the body of the car into the vestibule her foot slipped and she fell back across the threshold of the door opening from the vestibule into the car. She describes the occurrence in these words: "When I put my foot out on the platform my feet flew from under me and I fell striking my back on the doorsill of the car." Her complaint is that there was ice and snow in the vestibule up to the door through which she was walking; that this was uneven; that "it looked like it rounded out in the middle, mounded up like" and that it was this snow and ice which caused her to slip and fall. She had entered the car a few minutes before on her way to her home and noticed an accumulation of ice at the time she went in. She states that the snow seemed packed and frozen and was uneven on the surface. There was a descent of four or five inches from the floor of the car to the vestibule floor and the accident occurred when Mrs. Johnson made the first step onto the vestibule floor. There were no other passengers in the car at the time and a small number had entered during the trip. The plaintiff testified that she was walking carefully. The defense presented was that there was no ice or snow in the vestibule except at the edge next the steps leading into the car and that that had been brought in by passengers entering during that trip; that the vestibule floor was wet because of melting snow brought in by passengers and that it was on the wet floor the plaintiff slipped; that it was impracticable to keep the floor dry because of the snow on the ground but that the vestibule was swept and kept as clean as could be done under the circumstances. This evidence raised an issue of fact as to the actual condition of the vestibule floor at the time Mrs. Johnson fell. If there was such an accumulation of ice and snow over the vestibule as she describes it was a question for the

jury whether in the exercise of such care as is imposed on a carrier of passengers this snow and ice should not have been removed at the terminus before the car was started on the trip during which the plaintiff's injury was received. The jury was expressly instructed that if the fall was caused by the wet condition of the vestibule floor the defendant was not liable; that the company could not be charged with a higher duty than to keep the floor clear from snow and ice in view of the condition of the weather and the case was submitted so far as the defendant's liability was concerned on the inquiry whether the snow and ice was on the floor of the vestibule at the door of the car as the plaintiff alleged. There was evidence for the defendant that the vestibule was swept from time to time during the day and that the practice was to remove snow therefrom; that this was done on the afternoon when the plaintiff was hurt and that there was neither snow nor ice in the vestibule except at the steps. In the light of this evidence the court could not properly have instructed the jury that there was no evidence of negligence. The condition of the car and the credibility of the witnesses were both matters for the jury rather than the court, and the measure of the defendant's duty under the plaintiff's testimony was also a question for the jury. The case was not one where ice had accumulated on the steps of a railroad train running in stormy weather from station to station. It is manifest that a company thus operating a train could not be expected to keep the exposed steps of the cars free from ice and snow between stations. There must be a reasonable opportunity given to remove such hindrances to safe exit from the cars. It is not disputed in the case under consideration that there was an opportunity afforded to employees to remove snow from the vestibule. They were instructed so to do and had with them a broom which was used for that purpose. Unless, therefore, the snow and ice which the plaintiff described was brought into the car during the trip it

could have been removed before the conductor started on that run. Whether it was brought in by passengers or had accumulated at an earlier time in the day or was not there at all the jury alone could determine.

The contention that the plaintiff was guilty of contributory negligence as a question of law in carrying her young child in her arms as she walked from the car to the vestibule we think is not tenable. The common and well-known practice of mothers in so acting is an answer to the defendant's position. Whether she adopted the most convenient method of taking the child from the car and whether it was appropriate under the circumstances the jury should determine. There is no established rule on the subject and we see nothing in the evidence to warrant the court in saying that her conduct at the time and place in this respect was so obviously dangerous as to subject her to the charge of contributory negligence. This question, as well as that of the defendant's negligence, was submitted in a clear and fair charge of which no complaint is made and under all of the evidence our conclusion is that the defendant has not presented such a case as justifies a reversal.

The judgment is affirmed.

OPINION BY HENDERSON, J., July 21, 1915:

This is an appeal from the judgment in favor of Zeb R. Johnson whose action is based on the same state of facts out of which his wife, Mamie Johnson, recovered a judgment against the appellant. The only assignment of error is based on the refusal of the court to give binding instructions for the defendant. We have considered the evidence in the case in an opinion this day handed down in the appeal of the defendant from the judgment in favor of the plaintiff's wife, and for the reasons stated in that opinion we affirm the judgment in favor of the appellee.